UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW CANEY, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-30245-KPN |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and DEFENDANT'S
MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER
(Document Nos. 11 and 14)
August 1, 2012

NEIMAN, U.S.M.J.

This is an action for judicial review of a final decision by the Commissioner of the

Social Security Administration ("Commissioner") regarding an individual's entitlement to

Social Security Disability Insurance ("SSDI") benefits and Supplemental Security

Income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3).  Matthew Caney

("Plaintiff") asserts that the Commissioner's decision denying him such benefits --

memorialized in an April 13, 2011 decision of an administrative law judge -- is in error.

He has filed a motion for judgment on the pleadings seeking to reverse the decision

and the Commissioner, in turn, has moved to affirm.

The parties have consented to the court's jurisdiction.  *See* 28 U.S.C. § 636(c);

Fed. R. Civ. P. 73(b).  For the reasons that follow, Plaintiff's motion will be denied and

the Commissioner's motion to affirm will be allowed.

## I. STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotation marks omitted).

The resolution of conflicts in evidence and the determination of credibility are for the Commissioner, not for doctors or the courts. *Rodriguez*, 647 F.2d at 222; *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987). A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. *See Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In the end, the court maintains the power, in appropriate circumstances, "to enter . . . a judgment affirming, modifying, or reversing the [Commissioner's] decision" or to "remand [ ] the cause for a rehearing." 42 U.S.C. § 405(g).

2

## II. BACKGROUND

Plaintiff applied for SSDI and SSI benefits on October 20, 2008.  (Administrative Record ("A.R.") at 133-48.)  Plaintiff claimed he was disabled due to stomach and groin infections, mood swings, and depression, with a disability onset date of October 15, 2006.  (A.R. at 159, 162.)  His application was denied both initially and upon reconsideration.  (A.R. at 60-69.)  Thereafter, Plaintiff requested a hearing, which was held before an administrative law judge ("ALJ") on March 30, 2011.  (A.R. at 33-55.)  Plaintiff, who was forty-six years old at the time, a medical expert, and a vocational expert all testified.  (A.R. at 33.)

In a decision dated April 13, 2011, the ALJ denied Plaintiff's claim.  (A.R. at 13-28.)  Following that decision, the Commissioner's Decision Review Board informed Plaintiff that it had selected his claim for review.  (A.R. at 6-8.)  The review was then transferred to the Appeals Council, which denied Plaintiff's request. (A.R. at 1-3).  In due course, Plaintiff filed the instant action, the Commissioner compiled the administrative record, and the parties submitted the cross-motions currently at issue.

## III. DISABILITY STANDARD AND THE ALJ'S DECISION

An individual is entitled to SSDI benefits if, among other things, he has an insured status and, prior to its expiration, is disabled.  *See* 42 U.S.C. § 423(a)(1)(A) and (D).  The individual must prove he was disabled on or before the date he was last insured.  *See* 20 C.F.R. § 404.131(a); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Here, Plaintiff's insured status expired on December 31, 2011.  (A.R. at

3

159.)  For SSI, on the other hand, an individual need only show disability and financial need.  *See* 42 U.S.C. § 1381a.  Plaintiff's need, for purposes of SSI, is not challenged.

The Social Security Act (the "Act") defines disability, in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  *See also* 42 U.S.C. § 1382c(a)(3)(A) (similar).  An individual is considered disabled under the Act

> only if his physical and mental impairment or impairments
> are of such severity that he is not only unable to do his
> previous work but cannot, considering his age, education,
> and work experience, engage in any other kind of
> substantial gainful work which exists in the national
> economy, regardless of whether such work exists in the
> immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he
> applied for work.

42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).  *See generally Bowen v. Yuckert*, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> First, is the claimant currently employed?  If he is, the
> claimant is automatically considered not disabled.
>
> Second, does the claimant have a severe impairment?  A
> "severe impairment" means an impairment "which
> significantly limits [the claimant's] physical or mental
> capacity to perform basic work-related functions."  If the
> claimant does not have an impairment of at least this degree
> of severity, he is automatically considered not disabled.
>
> Third, does the claimant have an impairment equivalent to a

specific list of impairments in the regulations' Appendix 1?  If
the claimant has an impairment of so serious a degree of
severity, the claimant is automatically found disabled.

. . . .

Fourth, does the claimant's impairment prevent him from
performing work of the sort he has done in the past?  If not,
he is not disabled.  If so, the agency asks the fifth question.

Fifth, does the claimant's impairment prevent him from
performing other work of the sort found in the economy?  If
so, he is disabled; if not, he is not disabled.

*Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, the ALJ found as follows with respect to these questions:

Plaintiff has not engaged in substantial gainful activity since the alleged onset of his

disability (question 1); he suffers "severe" impairments, namely, depressive disorder,

anxiety disorder, and alcoholism in remission, but these impairments do not meet or

medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (questions 2 and 3); Plaintiff has no past relevant work, but he has the

residual functional capacity to perform a full range of work at all exertional levels,

subject to certain nonextertional limitations, that exists in significant numbers in the

national economy (questions 4 and 5).  Accordingly, the ALJ determined that Plaintiff

was not disabled.

## IV. DISCUSSION

Plaintiff makes two arguments challenging the ALJ's decision.  First, he asserts

that the ALJ failed to consider how side effects from his medication would affect his

residual functional capacity.  Second, Plaintiff contends that the ALJ's decision is not

supported by substantial evidence.  In response, the Commissioner asserts that substantial evidence in the record supports all the ALJ's findings.  The court finds that the Commissioner has the better argument.

A.     Side Effects from Medication

Plaintiff first argues that the ALJ failed to consider how side effects from his medication would affect his residual functional capacity.  During the hearing, Plaintiff explained that Trazodene, which he takes for sleep issues, caused him to suffer grogginess.  (A.R. at 42-43, 356.)  The medical expert, Dr. James Claiborne, confirmed Plaintiff's account, describing Trazodene as "fairly sedating."  (A.R. at 52.)

The Social Security Administration ("SSA") requires administrative law judges to consider all of a claimant's symptoms, including side effects from his medications.  *See* 20 C.F.R. §§ 404.1529 (c)(3)(iv); 416.929 (c)(3)(iv) ("[W]e will consider. . . the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.").  It should be noted, however, that "[d]rowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations."  *Burns v. Barnhart*, 312 F.3d 113, 132 (3rd Cir. 2002).

Here, the record reflects that the ALJ was aware of Plaintiff's claims of drowsiness.  Although the ALJ did not specifically explain how grogginess would affect Plaintiff's residual functional capacity, he asked Plaintiff about Trazodene during the hearing and explicitly mentioned Trazodene's side effects twice in his decision.  (A.R. at 21-22, 42-43.)  And while Dr. Claiborne's testimony confirmed that Plaintiff suffers

some grogginess from Trazodene, the record as a whole provides no support for the contention that Plaintiff experiences serious limitations as a result of this or any other medication.  Accordingly, the ALJ did not err when determining Plaintiff's residual functional capacity.  *See Webb v. Astrue*, 2012 WL 1566230 at *2 (D. Or. May 2, 2012) (finding that the administrative law judge did not err in failing to consider medication's side effects when the evidence "does not suggest any specific functional limitations the ALJ could have or should have incorporated into the RFC.").

Still, Plaintiff faults the ALJ for disregarding the hypothetical question posed by his counsel at the hearing.  Plaintiff's counsel had asked the vocational expert about employment opportunities available to an individual who "appear[s] to be off-task at least 25 percent of the workday" because of his medication.  (A.R. at 55.)  Because the vocational expert explained that such an individual would not be employable, Plaintiff asserts that the ALJ's findings to the contrary were in error.  (Id.)  Unfortunately for his cause, Plaintiff's argument is unpersuasive.

"In order to rely on a vocational expert's testimony, a hearing officer must base [his] hypothetical on a substantially supported assessment of the claimant's functional limitations."  *Coggon v. Barnhart*, 354 F. Supp. 2d 40, 61 (D. Mass. 2005) (citing *Rose v. Shalalah*, 24 F.3d 13, 19 (1st Cir. 1994)).  Put differently, the hypothetical questions posed to the vocational expert must conform to the medical record.  *See Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) ("[I]n order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the

medical authorities."). Here, however, the medical record contains no evidence as to the amount of time Plaintiff would potentially be unable to work due to Trazodene's side effects. Indeed, apart from the discussion during the hearing, the evidence of record contains only one reference to these side effects, namely, Dr. Bruce Eggleston's note that Plaintiff cannot drink "as he gets to[o] sedated while also taking Trazodene." (A.R. at 42-44, 52, 298.) This is hardly supportive of Plaintiff's assertion that the side effects are disabling. In sum, the record does not support Plaintiff's hypothetical question that side effects from Trazodene were so debilitating as to require Plaintiff to be off-task for "at least 25 percent of the time." *See Calhoun v. Astrue*, 821 F. Supp. 2d 435, 438 n. 1 (D. Mass. 2011) (finding that hypothetical question to the vocational expert is entirely unsupported by the administrative record).

B.    Substantial Evidence

Next, Plaintiff argues broadly that the ALJ's findings are not supported by substantial evidence. In essence, Plaintiff disputes the ALJ's determination that his "statements concerning the intensity, persistence and limiting effects of [his] symptoms" were not credible despite support in the medical record for his depression and anxiety. (A.R. at 22.)

In what has become all too common a practice, Plaintiff merely summarizes evidence in the record that supports his argument without adequately addressing or even disputing the evidence upon which the ALJ relied. It is well settled that the existence of supportive evidence, "or, indeed, evidence contrary to the ALJ's findings, does not extinguish the substantial evidence supporting the ALJ's findings." *Fernung v.*

*Astrue*, 2011 WL 1234784, at *10 (S.D. Ohio Jan. 26, 2011); *Her v. Comm'r of Soc.*
*Sec.*, 203 F.3d 388, 389 (6th Cir. 1999) ("Even if the evidence could also support
another conclusion, the decision of the Administrative Law Judge must stand if the
evidence could reasonably support the conclusion reached."); *see also Rodriguez*
*Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (resolving
evidentiary conflicts is the administrative law judge's prerogative).  Simply put, this is a
hurdle which Plaintiff has failed to overcome.

In his decision, the ALJ accurately explained the evidence showing that Plaintiff
could "prepare his own meals, wash his laundry, clean the floors, shop in stores, count
change, handle a savings account, and use a checkbook."  (A.R. at 23.)  Moreover,
Plaintiff twice acknowledged (once during the hearing and another time as repeated in
a physician's notes) that the primary reason he could not find work was his inability to
drive, even noting that "he could work but he has no way of getting around and there
are not any jobs where he is."  (A.R. at 39-40, 280.)  As the ALJ determined, however,
such transportation issues are irrelevant to a finding of disability.  *See Lopez Diaz v.*
*Sec'y of Health, Educ., & Welfare*, 585 F.2d 1137, 1140 (1st Cir. 1978) (finding that the
length and expense of a commute have no bearing on a disability determination); *Little*
*v. Astrue*, 2010 WL 4365559 at *3 (D. Me. Oct. 27, 2010) ("The plaintiff emphasizes
that he lives in a 'small, isolated town,' but that is not a factor which the administrative
law judge may consider.").  Here, Plaintiff does not assert that the evidence upon which
the ALJ relied is either incorrect or in any way deficient.  Accordingly, he has failed to
demonstrate that the ALJ's determination is unsupported by substantial evidence of

record.

## V.  CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings is

DENIED and the Commissioner's motion to affirm is ALLOWED.

SO ORDERED.

DATED:   August 1, 2012                     /s/   Kenneth P. Neiman
                                            KENNETH P. NEIMAN
                                            U.S. Magistrate Judge